This Document Prepared By:
**DDD SHAHUL**
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT 06450**
**(855) 884-2250**
**NMLS# 17022**

When Recorded Mail To:
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT 06450**

**Tax/Parcel #: 172171500**

_________________ [Space Above This Line for Recording Data] _________________

[redacted]

# PARTIAL CLAIM MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **SEPTEMBER 29, 2026**. The mortgagor is **JAYONA JOHNSON, A SINGLE PERSON** ("Borrower"), whose address is **6426 N SMEDLEY STREET, PHILADELPHIA, PENNSYLVANIA 19126**. This Security Instrument is given to the **Secretary of Housing and Urban Development**, whose address is **451 Seventh Street SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **TWENTY-TWO THOUSAND FOUR HUNDRED SIXTY-TWO DOLLARS AND 38 CENTS** (U.S. $**22,462.38**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **AUGUST 1, 2055**.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the

Lender, with power of sale, the following described property located in the County of **PHILADELPHIA**, State of **PENNSYLVANIA**:

which has the address of, **6426 N SMEDLEY STREET, PHILADELPHIA, PENNSYLVANIA 19126** (herein "Property Address");

**LEGAL DESCRIPTION: SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Tax Parcel No. **172171500**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

**UNIFORM COVENANTS.**

**1. Payment of Principal.** Borrower **shall** pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver**. Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several.

Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

Borrower and Lender further covenant and agree as follows:

**NON-UNIFORM COVENANTS.**

**7. Remedies.**

**(a) Notice of Default.** Lender will give a notice of default to Borrower following Borrower's breach of any covenant or agreement in this Security Instrument. The notice will specify, in addition to any information required by applicable law: (i) the default; (ii) the action required to cure the default; (iii) that failure to cure the default on or before the date specified in the notice may result in foreclosure by judicial proceeding and sale of the Property; and (iv) Borrower's right to deny in the foreclosure proceeding the existence of a default or to assert any other defense of Borrower to foreclosure.

**(b) Foreclosure; Expenses.** If the default is not cured as specified in the notice, Lender may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding or in

accordance with paragraph 7(c). To the extent allowed by applicable law, Lender will be entitled to collect all expenses incurred in pursuing its remedies, including but not limited to: (i) reasonable attorneys' fees and costs; and (ii) other fees incurred to protect Lender's interest in the Property and/or rights under this Security Instrument.

**(c) Secretary's Remedies.** Notwithstanding the foregoing paragraphs (a)-(b), if the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence will deprive the Secretary of any rights otherwise available to a lender under this section 7 or applicable law.

**8. Effect of Survival Events.** Both before and after any Survival Event, as defined below, Borrower will:

(a) if this Security Instrument is on a leasehold, comply with all the provisions of the lease;

(b) permit the collection and application of miscellaneous proceeds as required by this Security Instrument; and

(c) pay any collection expenses under this Security Instrument.

"Survival Event" means any of the following:

(aa) any default described in the Subordinate Note;

(bb) Lender requiring Borrower to pay immediately the full amount of principal that Borrower owes under the Subordinate Note;

(cc) Lender requiring immediate payment in full of all sums secured by this Security Instrument as described in the Subordinate Note and in this Security Instrument;

(dd) the maturity date as defined in paragraph 4 of the Subordinate Note;

(ee) the entry of any judgment against Borrower under the Subordinate Note; and

(ff) the entry of any judgment under this Security Instrument.

**9. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed will terminate and become void. After such occurrence, Lender will discharge and satisfy this Security Instrument. Borrower will pay any recordation costs associated with such discharge and satisfaction. Lender may charge Borrower a fee for releasing the Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**10. Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**11.** Notwithstanding the foregoing or any other provisions contained herein, if personal liability with respect to any amounts payable under the primary Note securing the Property has been discharged in bankruptcy, Borrower and Lender understand and agree that nothing contained herein with respect to any amounts payable under the Subordinate Note, will be construed to impose personal liability to repay any such obligation in violation of such discharge. Borrower and Lender further understand and agree that to the extent that such personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower is entering into the Subordinate Note voluntarily for the benefits to be obtained thereby and not as an affirmation of the debt evidenced by the primary Note, and that the Subordinate Note, or any actions taken by the Lender in relation to the Subordinate Note, does not constitute a demand for payment or any attempt to collect any such previously discharged obligation.

**12.** Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

Borrower: JAYONA JOHNSON 10/5/26
Date

[Space Below This Line for Acknowledgments]

**BORROWER ACKNOWLEDGMENT**

State of PENNSYLVANIA
County of PHILADELPHIA

This record was acknowledged before me on OCTOBER 5, 2026 (date) by JAYONA JOHNSON (name(s) of individual(s)).

________ This notarial act involved the use of communication technology.

Signature of notarial officer

(Stamp)

Commonwealth of Pennsylvania - Notary Seal
Gilbert F. Trippett, Notary Public
Philadelphia County
My commission expires January 20, 2030
Commission number 1413212
Member, Pennsylvania Association of Notaries

GILBERT F. TRIPPETT (PUBLIC NOTARY)
Printed Name and Title of office

My commission expires: JAN. 20, 2030

[redacted]

# PROMISSORY NOTE

**SEPTEMBER 29, 2026** [Date] | **PHILADELPHIA** [City] | **PENNSYLVANIA** [State]

**6426 N SMEDLEY STREET, PHILADELPHIA, PENNSYLVANIA 19126**
[Property Address]

## 1. PARTIES.

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **TWENTY-TWO THOUSAND FOUR HUNDRED SIXTY-TWO DOLLARS AND 38 CENTS** (U.S. **$22,462.38**), to the order of the Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

## 4. PAYMENT OF PARTIAL CLAIM

**(A) Time.**

HUD will not require payment on the Partial Claim until the first of the following events occurs:

(i) The maturity of the Mortgage, **AUGUST 1, 2055**;

(ii) The sale or transfer of the Property; except for non-borrowers who acquired title through an exempted transfer;

(iii) The assumption of the Mortgage except for non-borrowers who acquired title through an exempted transfer;

(iv) The Payoff of the Mortgage, except that HUD will agree to subordinate the Partial Claim Note to a Streamline Refinance; or

(v) If provided for under the Partial Claim Note, the termination of FHA insurance.

HUD does not prohibit partial or total payment on the Partial Claim at any time prior to the due date for the Partial Claim.

**(B) Place.**

Payment shall be made at the **Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410** or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

**8.** Notwithstanding the foregoing or any other provisions contained herein, if personal liability with respect to any amounts payable under the primary Note securing the Property has been discharged in bankruptcy, Borrower and Lender understand and agree that nothing contained herein with respect to any amounts payable under the Subordinate Note, will be construed to impose personal liability to repay any such obligation in violation of such discharge. Borrower and Lender further understand and agree that to the extent that such personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower is entering into the Subordinate Note voluntarily for the benefits to be obtained thereby and not as an affirmation of the debt evidenced by the primary Note, and that the Subordinate Note, or any actions taken by the Lender in relation to the Subordinate Note, does not constitute a demand for payment or any attempt to collect any such previously discharged obligation.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

**JAYONA JOHNSON** 1/25/26
**Date**

# EXHIBIT A

**BORROWER(S): JAYONA JOHNSON, A SINGLE PERSON**

**LOAN NUMBER:** [redacted]

**LEGAL DESCRIPTION:**

**The land referred to in this document is situated in the CITY OF PHILADELPHIA, COUNTY OF PHILADELPHIA, STATE OF PENNSYLVANIA, and described as follows:**

**ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED.**
**SITUATE ON THE WESTERLY SIDE OF SMEDLEY STREET (FORTY-FIVE FEET WIDE) AT THE DISTANCE OF TWO HUNDRED SEVEN FEET NORTHWARD FROM THE NORTHERLY SIDE OF CHELTEN AVENUE (SEVENTY FEET WIDE) IN THE SEVENTEENTH WARD OF THE CITY OF PHILADELPHIA.**

**CONTAINING IN FRONT OR BREADTH ON SAID SMEDLEY STREET SIXTEEN FEET AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH WESTWARD BETWEEN PARALLEL LINES AT RIGHT ANGLES TO SAID SMEDLEY STREET EIGHTY FEET FOUR INCHES TO THE MIDDLE OF A CERTAIN FIFTEEN FEET WIDE DRIVEWAY LEADING NORTHWARDLY INTO SIXTY-FIFTH AVENUE NORTH AND SOUTHWARDLY INTO A CERTAIN OTHER FIFTEEN FEET WIDE DRIVEWAY LEADING EASTWARD INTO SMEDLEY STREET.**

**TOGETHER WITH THE FREE USE, RIGHT, LIBERTY AND PRIVILEGE OF THE SAID DRIVEWAYS AS AND FOR AUTOMOBILE DRIVEWAYS, PASSAGEWAYS AND WATERCOURSES AT ALL TIMES HEREAFTER, FOREVER IN COMMON WITH THE OWNERS TENANTS AND OCCUPIERS OF THE OTHER LOT OR LOTS OF GROUND BOUNDING THEREON AND ENTITLED TO THE USE THEREOF.**

**Source of Title: INSTRUMENT NO. 54447919 DEED BOOK N/A, AT PAGE(S) N/A**

**ALSO KNOWN AS: 6426 N SMEDLEY STREET, PHILADELPHIA, PENNSYLVANIA 19126**